## COMMISSIONERS OF PILOTS V. SPOFFORD.

*Costs — upon recovery of no greater judgment than offered — what defendant
entitled to — costs in discretion of court.*

The 385th section of the Code, in requiring the plaintiff in the case of an offer
of judgment and a recovery of no greater amount than the offer to pay
" defendant's costs," must be held to mean only such costs as are legally
allowed, either by statute or, in case of discretion, by the court, and is not
intended to limit or in anywise to interfere with the discretionary power over
costs which is conferred on the courts in any of the various steps or proceed-
ings that may be taken in the progress of the suit.

Plaintiff brought action to recover of defendant forty-six penalties of $100
each. Defendant offered judgment for the amount of one penalty, $100.
This offer was not accepted. Plaintiff recovered judgment for the amount
of forty-six penalties, $4,600, which judgment was affirmed at the general
term. Upon appeal to the Court of Appeals, the judgment was reversed as
to forty-five penalties and affirmed as to one penalty, "without costs to either
party in the Court of Appeals." *Held*, that the costs on appeal to the Court
of Appeals were, under Code, § 306, in the discretion of the court, and
defendant was not, under the provision of Code, § 385, that the "plaintiff
must pay defendant's costs from the time of the offer," entitled to costs on
that appeal.

APPEAL by plaintiffs from an order at special term affirming taxa-
tion of costs by the clerk in an action by the Board of Commission-
ers of Pilots against Paul N. Spofford and others, executors,. etc., of
Paul Spofford, deceased. The appeal is presented upon the follow
ing agreed statement of facts:

The action was brought March 27, 1865, by the plaintiffs
against the testator of the above-named defendants for the recov-
ery of ninety-six penalties of $100 each for violations of the
pilot laws. The defendant before answer made an offer of
judgment, under section 385 of the Code, for $100, the amount of
one penalty, and interest with costs to the time of offer. The offer
was refused. Defendant answered, and the cause was tried at the
circuit, whereupon the plaintiffs recovered for forty-six penalties,
$4,600, the amount which it had been stipulated before the trial
that the controversy should be limited to, on which judgment was
entered with costs.

On appeal by the defendants to the general term, the judgment
was affirmed with costs. The defendants thereupon appealed to

the Court of Appeals, where the judgment was "reversed, except as to one penalty, with costs included in the judgment, without costs to either party in the Court of Appeals." The offer of judgment did not appear in the printed case on appeal.

The defendants then made a motion to correct the remittitur before the Court of Appeals, and an order was thereupon made by said court on the 2d day of July, 1871, modifying the judgment of said court by striking out the words "with costs included in the judgment," and making the same read, "judgment reversed, except as to one penalty, without costs to either party against the other in this court."

The remittitur having been sent down, the defendant presented a bill of costs for the circuit and general terms, which was taxed, September 14, 1871, by the clerk at $360.97, under plaintiffs' exception. From this taxation plaintiffs appealed to the special term, on the ground that defendants were not entitled to costs of general term. The special term thereupon ordered that the costs be retaxed, and that the defendants be allowed costs from the time of the service of the offer of judgment to and including the trial, and be not allowed costs of the general term, and that said costs as retaxed be set off against the penalty recovered by plaintiffs. Plaintiffs' costs before offer of judgment were then taxed at $30.88.

The defendants then appealed to the general term, which affirmed the order of the special term, with costs. Defendants then appealed to the Court of Appeals, where the orders of the general term and special term were reversed, with costs, and judgment ordered in favor of defendants "for their costs subsequent to the failure of the respondents to accept the offer, including the costs of the appeal to the general term, to be adjusted with costs of the motion and of the appeal from the order from the special to the general term, and from the latter to the Court of Appeals."

The second remittitur having been sent down, the defendants presented and the clerk taxed a full bill of costs under plaintiffs' exception, including those of the Court of Appeals on appeal from the judgment. Plaintiffs appealed to the special term, where the said taxation was affirmed and the order now under review granted.

The only question involved upon this appeal is whether defendants were entitled to costs in the Court of Appeals on the appeal from the judgment.

*Butler, Stillamn & Hubbard*, for appellants.

Commissioners of Pilots v. Spofford.

*William G. Cooke,* for respondents, cited *Wright* v. *Briggs,* 2 Hill, 77; *Sharp* v. *Speir,* 4 id. 76; *Beaty* v. *Lessee of Knowles,* 4 Pet. 152; *Budd* v. *Jackson,* 26 How. 398; *Pillow* v. *Bushnell,* 5 Barb. 159; *Smith* v. *People,* 47 N. Y. 330; *James* v. *Patten,* 6 id. 9; *Jackson* v. *Collins,* 3 Cow. 89; *President of W. & W. Turnp. Co.* v. *People,* 9 Barb. 169; 1 Kent's Com. 463, 464; *McCartee* v. *Orph. Asy. Society,* 9 Cow. 487.

DAVIS, P. J. It is insisted on the part of the respondents that the defendants had an absolute right to all the costs in the action subsequent to the offer of judgment, and that this right is secured by section 385 of the Code of Procedure, which declares that "if the plaintiff fail to recover a more favorable judgment he cannot recover costs, but must pay the defendant's costs from the time of the offer." It may be conceded that this position is correct in respect of all costs given by statute. Such costs become by operation of law "the defendant's costs" in a case of this kind before us, and it needs no order or adjudication of the court to confer them, nor can such order or adjudication take them away.

That was in substance held by the Court of Appeals in *Ayers* v. *Western Railroad Co.,* 49 N. Y. 660, wherein it was adjudged that the addition of the words "*with costs*" or "*without costs*" to a judgment of that court cannot affect the right of the prevailing party in cases where the costs are not in the discretion of the court.

Costs under the Code are the mere creature of statute. They are allowed to the prevailing party either absolutely or conditionally; and in both cases when allowed, they are regulated as to amount. Where given absolutely, the statute fixes the right, and the courts cannot annul the statute. But where allowed conditionally, or more properly speaking, in the discretion of the court, there are no costs, unless the court, in the exercise of its discretion, awards them. This latter branch of the subject is regulated by section 306 of the Code, which immediately follows the two sections declaring where plaintiffs or defendants shall be allowed costs "*of course.*" It provides that "in other actions costs may be allowed or not, in the discretion of the court," and after providing for the case of several defendants where plaintiff fails to recover against all, it further declares that "In the following cases the costs of an appeal shall be in the discretion of the court: 1. Where a new trial shall be ordered. 2. Where judgment shall be affirmed in part and reversed in part."

No costs are allowed by the statute to any party in either of these cases without the express adjudication of the court. Silence is a denial of them; and the addition of the words "without costs to either party," adds nothing to the legal effect of an omission to award them, but is the customary form of advising the parties that the subject has been considered by the court, which declines to exercise its discretion in favor of either party.

In this case the plaintiffs had recovered $4,600. The defendants had appealed from the entire recovery upon questions of grave importance, affecting equally each of the forty-six penalties. Those questions were decided adversely to them; but upon the point raised by defendants that there could be a recovery in the action for but one penalty, they succeeded in reversing the judgment in part while the plaintiffs succeeded in affirming it in part. It is difficult to see why this is not the exact case in which, under section 306 of the Code, the question whether there are any costs for either party on the appeal did not altogether depend upon their allowance by the court. Nor why, when the court expressly pronounced its judgment "without cost of the appeal to either party," there could remain a doubt that costs on that appeal had no legal existence.

It is claimed, however, that section 306 is inconsistent with the provisions of section 385, and therefore that the latter must prevail. We think there is no inconsistency. The latter section declares that the plaintiff "*must pay the defendant's costs from the time of the offer.*" But what are "the defendant's costs?" Clearly the costs allowed by statute, or by the court where the power of allowing them is relegated by statute to its discretion. The former the defendants have, as matter of right, and the latter also when the court uses its discretion in their favor; but when, in respect of the latter, the court adjudges not to allow costs at all, it seems almost a *reductio ad absurdum* still to insist that there is any such thing as "defendant's costs."

The court having unquestionable power to affirm in part and reverse in part, and having exercised that power, the case clearly existed in which no costs of the appeal are given to either party unless the court in its discretion allows them. It is suicidal, therefore, to argue that the court had no power to say any thing on the subject, since it is plain that until the court does speak there is no such thing in the particular proceeding as costs for either party.

The 385th section, in requiring the plaintiff in the case provided

for to pay "defendant's costs," must be held to mean only such costs as are legally allowed either by statute or in case of discretion by the court, and is not intended to limit or in anywise to interfere with the discretionary power over costs which is conferred on the courts in any of the various steps or proceedings that may be taken in the progress of the suit.

Since the final judgment the question of costs has been twice before the Court of Appeals in forms that incidentally involved the question now before us, and that court, in the order on the appeal from the general term, gave explicit directions as to what costs should be taxed. We think that was a substantial adjudication of the question involved in this appeal. But if it were not, we are of opinion that the respondents have no legal right to tax costs on the appeal from the judgment.

The order appealed from should be reversed, with $10 costs of this appeal, besides disbursements, and the clerk should be directed to strike out the items for costs, etc., of the Court of Appeals.

*Order reversed.*